IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHELBY COUNTY DEMOCRATIC PARTY, SHELBY COUNTY YOUNG DEMOCRATS, and MAREK FOR MEMPHIS,<br><br>Plaintiffs,<br><br>vs.<br><br>GREG GRANT, Individually & d/b/a GREATER MEMPHIS DEMOCRATIC CLUB, INC., M. LATROY WILLIAMS, Individually & d/b/a SHELBY COUNTY DEMOCRATIC CLUB,<br><br>Defendants. | Docket No.: 2:19-cv-2769-SHL-tmp |

**PLAINTIFFS' RESPONSE
TO
MEMORANDUM IN SUPPORT OF REMOVAL OF JURISDICTION**

COME NOW, the Plaintiffs, by counsel, in accord with instructions from the Court and files this Response to the Memorandum in Support of Removal of Jurisdiction, filed on behalf of M. Latroy Alexandria-Williams, and respectfully state as follows:

**FACTS**

Exhibit A to the Notice of Removal is not the Verified Amended Petition filed in the Chancery Court and considered by the Chancellor in rending the initial Temporary Restraining Order. The actual Verified Amended Petition is attached to this Response as Exhibit 1. Although the Defendant argues that his defense will be based upon the First Amendment to the United States Constitution, it is the Verified Amended Petition, the "complaint", which will determine whether there is a federal question to support Federal Subject Matter Jurisdiction.

1

The Verified Amended Petition alleges, *inter alia*:

> 23.   In the aforementioned advertisements or pieces of "campaign" literature, Defendant Grant and the Greater Memphis Democratic Club, Inc. prominently display the distinctively stylized "Donkey" logo associated with the Democratic Party of the United States, the word "Democratic" adjacent to and in connection with the territorial designation of Shelby County, Tennessee, and the likenesses of prominent leaders of the Democratic Party, most notably President Barack Obama. [*sic*].

> 34.   As duly chartered constituents, constituents by extension, and affiliates of the TNDP [Tennessee Democratic Party] and DNC [Democratic National Committee], the SCDP [State Party of the Democratic Party] and SCYD [Shelby County Young Democrats] have possessory and equitable interests in the *name, trade dress, and brand* of the Democratic Party of Tennessee and the United States. Equity demands they have some remedy to prevent their *name, trade dress, and brand* from misappropriation, dilution, and impressment into the service of non-party-affiliated [*sic*] "election profiteers."[1] (Emphasis added.)

Paragraphs 23 and 34 of the "complaint" present the only basis for arguably raising a federal matter. Notably, the "complaint" makes the following requests, among others, under paragraph E of the Prayer for relief:

> E.   That upon a full hearing on this cause, this Court enter a Decree declaring the following activities deceptive and unlawful:
>
> […]
>
> (b)   The use of the imagery and trade dress of the Democratic Party, and of the names and likenesses of prominent leaders within the Democratic Party of the United States and the Democratic Party of Tennessee, by private, for-profit entities affiliated with neither organization, absent express authorization of such leaders;
>
> (c)   The prominent use and display, on paid advertisements or literature intended for distribution at election polls, of the word "Democratic" in proximity and connection with a county, municipal, or other territorial designation, by an entity unaffiliated with the Democratic Party of the United States or the Democratic Party of Tennessee;

## **LAW AND ANALYSIS**

Removal jurisdiction is established by Article III of the United States Constitution and

---

[1] Exhibit 1, Verified Amended Petition.

codified as 28 U.S.C. § 1441 *et seq*. The party who alleges Federal Subject Matter Jurisdiction bears the burden of proving federal jurisdiction.[2] Because removal can impact the relationship between State and Federal Courts, the removal statute is strictly construed. *See, e.g.*, *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941).

28 U.S.C. § 1331 provides district courts with nonexclusive, original jurisdiction over all civil actions based on federal questions, including claims arising under the Constitution and laws or Treaties of the United States. In a removed action, the existence or non-existence of a federal question must be stated in the plaintiff's complaint. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 (U.S. 1986).

Although there is no federal preemption of trademark and trade dress issues, most trademark cases are brought in federal court and Plaintiffs' case could have been brought in federal court, which has original but not exclusive jurisdiction of trademark and trade dress issues. *See Grable & Sons Metal Prod., Inc. v. Darue,* 545 U.S. 313 – 14 (2005).

The determination of whether a substantial federal question exists is determined by the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). The well-pleaded complaint rule states that federal question jurisdiction exist only if plaintiffs' complaint "disclosed upon the face" contains *a claim* arising under federal law. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936). This District Court, in a well-reasoned and thorough opinion by Judge Bernice Bouie Donald, set forth the law and analysis of removal and preemption in *Crump v. WorldCom, Inc.,* 128 F. Supp.2d 549 (W.D. Tenn., 2001).[3]

---

[2] The party removing an action to federal court has the burden to establish federal jurisdiction. *Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). In determining the propriety of removal, the court evaluates the factual allegations and controlling law in the light most favorable to the plaintiff. *Cabalceta v. Standard Fruit Co*., 883 F.2d 1553, 1561 (11th Cir. 1989).
[3] A copy of *Crump v. WorldCom, Inc* is attached as "Exhibit 2" for the convenience of the Court.

In the case presently before the Court, Plaintiffs' claims, as set forth in the Verified Amended Petition, include claims involving its trademarks, brand and trade dress, which could satisfy the well-pleaded complaint rule as they are claims arising under federal law, namely federal trademark and trade dress laws. *See* 28 U.S.C. § 1338(a). But the crux of Plaintiffs' Petition is that the actions and conduct of the Defendants are deceptive practices, and as Judge Donald concluded in *Crump,* deceptive practices "is an area traditionally reserved by regulation by the states." *Crump,* at p.15.

The removal by Defendant, M. Latroy Alexandria-Williams/ Shelby County Democratic Club, is not in compliance with the procedural requirements of 28 U.S.C. § 1446(a); the other Defendant, Greg Grant, individually and d/b/a Greater Memphis Democratic Club, Inc. has not consented to, and in fact has filed a special Notice of Appearance in which he has objected to the removal. Therefore, if the Court finds that an "opposition" contained in a Special Appearance constitutes an Answer in compliance with the Federal Rules of Civil Procedure, the Court, on this basis only, would be required to remand this case simply by virtue of this opposition.

## CONCLUSION

Being mindful that subject matter jurisdiction can be raised and an action removed to federal court can be remanded to state court at any time before final judgment and that "all doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court," *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir.2006), Plaintiffs, Shelby County Democratic Party, Shelby County Young Democrats and Marek for Memphis, respectfully submit this matter for decision by the Court.

Respectfully submitted,

/s/Bruce S. Kramer
Bruce S. Kramer (TN #7472)
Jacob Webster Brown (TN #36404)
Melody Dernocoeur (TN #35108)
APPERSON CRUMP, PLC
6000 Poplar Avenue, Suite 150
Memphis, TN 38119
Telephone:   (901) 756-6300
Facsimile:    (901) 757-1296
bkramer@appersoncrump.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that a copy of the foregoing has been served on the following via the Court's electronic case filing system this the 10th day of January, 2020.

Paul A. Robinson, Jr.
3749 Marty Street
Memphis, TN 38109
***Attorney for M. Latroy Alexandria-Williams***

Julian T. Bolton
LAW OFFICES OF JULIAN T. BOLTON
119 South Main Street, Suite 500
Memphis, TN 38103
***Attorney for Greg Grant***

/s/Bruce S. Kramer
Bruce S. Kramer