IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**SHELBY COUNTY DEMOCRATIC PARTY,**
**SHELBY COUNTY YOUNG DEMOCRATS,**
**and MAREK FOR MEMPHIS,**

    Petitioners,

v.



Case No. CH-19-1370-3
Part III, Special designation

**GREG GRANT, GREG GRANT,**
**GREATER MEMPHIS DEMOCRATIC**
**CLUB, M. LATROY WILLIAMS, and**
**SHELBY COUNTY DEMOCRATIC CLUB,**

    Defendants.

---

**VERIFIED AMENDED PETITION FOR TEMPORARY RESTRAINING ORDER, PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, AND RESTITUTION FOR UNJUST ENRICHMENT**

---

TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:

The Petitioners, petitioning for emergency equitable relief, declaratory relief, treble damages and attorneys' fees under the Tennessee Consumer Protection Act, and restitution based on Defendants' unjust enrichment, as specified hereinbelow, respectfully state and allege the following grounds:



EXHIBIT 1

## PARTIES

1. Petitioner Shelby County Democratic Party (the "SCDP") is the lawful constituent entity in Shelby County, Tennessee of, and is chartered and created by, the Tennessee Democratic Party ("TNDP"). The TNDP, in turn, is a constituent of the Democratic National Committee (the "DNC's") Association of State Democratic Committees and is recognized by the DNC as the official State Party of the Democratic Party in the state of Tennessee. The SCDP is represented in this lawsuit by its duly elected Chairman, Michael Harris.

2. Petitioner Shelby County Young Democrats ("SCYD") is the local chapter of the Tennessee Young Democrats ("TYD"), the official "state unit" of the Young Democrats of America ("YDA") for the state of Tennessee, duly chartered as such pursuant to the YDA Bylaws. The YDA is a constituent entity of the DNC. The SCYD is represented in this lawsuit by its duly elected President, Alexander Boulton.

3. Petitioner Marek for Memphis is the campaign committee for John Marck's election campaign in the October 3, 2019 municipal general election for the City of Memphis, Tennessee. John Marek is running for the District 5 seat on the Memphis City Council.

4. Defendant Greater Memphis Democratic Club, Inc., is a for-profit corporation with its principal address at 3160 High Meadow Dr., Memphis, TN 38128-4209. (See attached Exhibit 1). It may be served with process through its registered agent, Greg Grant, at 3160 High Meadow Dr., Memphis, TN 38128-4209.

5. Defendant Shelby County Democratic Club, Inc. is a for-profit corporation with its address at 3250 Commercial Parkway, Memphis, TN 38116-3252. It may be served with

2

process through its registered agent, M. Latroy Williams, at 3242 Commercial Parkway, Suite 3254, Memphis, TN 38116.

6. Defendant Greg Grant is an individual, adult resident of Shelby County, Tennessee. He may be served with process at 3160 High Meadow Dr., Memphis, TN 38128-4209.

7. Defendant M. Latroy Williams is an individual, adult resident of Shelby County, Tennessee. His registered address for service of process is 3242 Commercial Parkway, Suite 3254, Memphis, TN 38116. At the time of this filing, this location appears to be an unoccupied, abandoned building.

## JURISDICTION AND VENUE

8. This Court has jurisdiction, pursuant to Tenn. Code Ann. § 16-11-103, to hear this Petition for equitable relief.

9. Venue for this action is properly laid in Shelby County, where all pertinent events transpired.

## FACTUAL ALLEGATIONS

10. As stated with particularity in Paragraphs 1 and 2, the SCDP and SCYD are constituents or constituents by extension of the TNDP, the DNC, or both. As such, they are official affiliates and local representative bodies of the Democratic Party of Tennessee and the Democratic Party of the United States.

11. The stylized red, white, and blue donkey depicted immediately below is a well known symbol of the Democratic Party of Tennessee and the Democratic Party of the United States:



12. Defendant Greater Memphis Democratic Club, Inc., has no meaningful connection whatsoever with the Democratic Party of Tennessee or the Democratic Party of the United States.

13. Despite its nominal designation as a club, the Greater Memphis Democratic Club, Inc. has no membership in the traditional sense of the term. It is a business entity that turns a profit during each local election season by charging candidates money to appear as "endorsees" on the advertisements and "campaign literature" that the company publishes and distributes through paid placements, mass mailings, and distribution at election polls.

14. Defendant Grant, through Greater Memphis Democratic Club, has published, disseminated, and caused to prominently appear multiple misrepresentative advertisements that purport to speak for, and represent the endorsement of, the Democratic Party of the United States, Tennessee, or both within the territorial boundaries of the Greater Memphis region. *E.g.*, **Examples 1, 2.**

15. This messaging is deceptive, intending to misrepresent to the electorate that certain City Council Candidates not endorsed by the Democratic Party—including Chase

Carlisle, Ford Canale, Cody Fletcher, and Worth Morgan—are endorsed by the Democratic Party. **Examples 1–4.**

16.     In the aforementioned advertisements and "campaign" literature, Defendant Grant and the Greater Memphis Democratic Club, Inc. prominently display the distinctively stylized "Donkey" logo associated with the Democratic Party of the United States, the word "Democratic" adjacent to and in connection with the territorial designation of Memphis, Tennessee and surrounding regions, and an express admonishment to "RE-ELECT AND VOTE FOR THOSE WHO HAVE BEEN IN THE STRUGGLE WITH YOU," messaging clearly intended to imply association between the candidates presented and the Democratic Party of the United States. **Exhibits 1–4.**

17.     None of the aforementioned advertisements or pieces of "campaign" literature published by the Greater Memphis Democratic Club, Inc. contain any disclaimer indicating that the Greater Memphis Democratic Club, Inc. is a for-profit corporate entity unaffiliated with the Democratic Party of Tennessee or the Democratic Party of the United States.

18.     Furthermore, Defendant Greater Memphis Democratic Club prominently displays the official City of Memphis Seal five times on a widely distributed piece of "campaign" literature and eight times in the 2019 No. 190 publication of Spirit Magazine. **Exhibits 1, 2.**

19.     Defendant Shelby County Democratic Club has no meaningful connection whatsoever with the Democratic Party of Tennessee or the Democratic Party of the United States.

20.     Despite its nominal designation as a club, the Shelby County Democratic Club has no membership in the traditional sense of the term. It is a business entity that attempts to turn a profit during each local election season by charging candidates money to appear as

"endorsees" on printed advertisements and "campaign literature" that the company publishes and distributes at election polls.

21. Defendant Williams and the Shelby County Democratic Club, has published, disseminated, and caused to prominently appear multiple misrepresentative advertisements that purport to speak for, and represent the actual endorsement of, the Democratic Party in Shelby County, Tennessee.

22. This messaging is deceptive, intended to misrepresent to the electorate that a certain candidate not endorsed by any constituent or affiliate of the Democratic Party, namely Worth Morgan, is endorsed by the Democratic Party in Shelby County, Tennessee.

23. In the aforementioned advertisements and "campaign" literature, Defendant Grant and the Greater Memphis Democratic Club, Inc. prominently display the distinctively stylized "Donkey" logo associated with the Democratic Party of the United States, the word "Democratic" adjacent to and in connection with the territorial designation of Shelby County, Tennessee, and the likenesses of prominent leaders of the Democratic Party, most notably President Barack Obama. Exhibit 5.

24. None of the aforementioned advertisements or pieces of "campaign" literature published by the Shelby County Democratic Club contain any disclaimer indicating that the Shelby County Democratic club is a for-profit business enterprise wholly unaffiliated with the Democratic Party of Tennessee or the United States.

25. Defendant Williams was previously restrained by the Chancery Court of Shelby County in cause CH-10-1354 from committing similar acts during the election of 2010.

26.     Tennessee statutes seek to protect the public from entities masquerading as legitimate political parties. Tenn. Code Ann. § 2-1-104 (a) (14) requires political parties to seek recognition by filing with the State a qualifying petition.

27.     Upon information and belief, neither the Greater Memphis Democratic Club nor the Shelby County Democratic Club has ever filed a qualifying petition with the State of Tennessee.

28.     Section 1-8-2 of the Memphis Municipal Code provides, "The official seal provided by section 1-8-1 shall be impressed or imprinted on all official instruments of the city." Section 1-8-3 (E) places the city seal on the city flag. This language implies, under the well known principal of statutory construction, *inclusio unius ex exclusion alterius*, that neither the City Seal, flag, nor any likenesses thereof, may be privately appropriated for profit or affixed to campaign literature or advertisements in such a manner as should tend to favor one candidate any other in the same contest.

29.     Early voting for the October 3, 2019 elections began on September 13, 2019.

30.     As of the date of the emergency hearing on October 3, 2019, the ballot attached as Exhibit is being actively distributed at election polls to unsuspecting voters by paid agents of Defendants.

## COUNT I:     EMERGENCY INJUNCTIVE RELIEF

31.     The allegations of the preceding paragraphs are hereby reiterated and incorporated by reference as if fully set forth under this Count.

32.     Defendants' actions as hereinbefore described are in violation of the following Tennessee statutes:

7

**Tenn. Code. Ann. § 2-19-116. Misrepresentations on campaign literature or sample ballots - Penalty.**

(a)    No person shall print or cause to be printed or assist in the distribution or transportation of any facsimile of an official ballot, any unofficial sample ballot, writing, pamphlet, paper, photograph or other printed material which contains the endorsement of a particular candidate, group of candidates or proposition by an organization, group, candidate or other individual, whether existent or not, with the intent that the person receiving such printed material mistakenly believe that the endorsement of such candidate, candidates or proposition was made by an organization, group, candidate or entity other than the one or ones appearing on the printed material.

(b)    A violation of this section is a Class C misdemeanor.

**Tenn. Code. Ann. § 2-19-142. Knowingly publishing false campaign literature.**

It is a Class C misdemeanor for any person to publish or distribute or cause to be published or distributed any campaign literature in opposition to any candidate in any election if such person knows that any such statement, charge, allegation, or other matter contained therein with respect to such candidate is false.

33.    Defendants are deceptively portraying certain candidates as the nominees or endorsees of the Democratic Party, even though these candidates are not endorsed by the Democratic Party, and in several cases are in fact members of the Shelby County Republican Party, endorsed by that organization, or both.

34.    As duly chartered constituents, constituents by extension, and affiliates of the TNDP and DNC, the SCDP and SCYD have possessory and equitable interests in the name, trade dress, and brand of the Democratic Party of Tennessee and the United States. Equity demands they have some remedy to prevent their name, trade dress, and brand from misappropriation, dilution, and impressment into the service of non-party-affiliated affiliated "election profiteers."

35.  Defendants' actions hereinbefore described are intended, and do in fact tend, to mislead voters and the public at large as to which candidates in fact have the support and endorsement of the Democratic Party within the territorial boundaries of Shelby County, Memphis, and the Greater Memphis Region.

36.  Defendants Grant and the Greater Memphis Democratic Club, Inc. are unlawfully affixing the the Seal of the City of Memphis to their publications and "campaign" materials, and are deceptively displaying the same in such a manner as to imply the candidates who have bought placement on these publications have the official endorsement of the City of Memphis.

37.  Petitioners aver that Defendants are acting in knowing violation of the law, deceptively, act and in bad faith.

38.  Petitioners aver that immediate and irreparable harm will result to Petitioners and the voting public, and will mar and offend the sanctity and security of the election process (for which monetary damages cannot compensate), if Defendants and their agents are not immediately restrained and enjoined from further acts as hereinbefore described, including the distribution of materials at election polls on election day.

39.  Petitioners seek an immediate Temporary Restraining Order with the provisions set forth in the prayer below.

40.  Absent the immediate injunctive relief herein requested, the unlawful and irreparably damaging conduct of Defendants, hereinbefore described, will continue.

41.  Immediately enjoining the distribution of the materials hereinbefore described would pose no risk to the voting public, even if this relief were improvidently granted, because

these materials, being mere instruments of pay-for-play business ventures, no information valuable to voters.

42. Immediately enjoining the distribution of the materials hereinbefore described risks only minimal harm to Defendants, in the event one or both should ultimately prevail on the merits. In the first place, Defendants have already collected their money; the temporary enjoining of their distribution efforts will not cost them in lost profit. Moreover, should Defendants prevail on the merits of this suit, the public vindication of their activities, long a point of controversy in Memphis political circles, would substantially offset the temporary effect of the emergency relief sought here.

43. Defendant Grant and the Greater Memphis Democratic Club, Inc. have actual notice of this Petition, its substance, the relief it seeks, and the fact of its being sent to the Tennessee Administrative Office of the Courts for assignment. Mr. Grant was present in open court on Thursday, September 26, 2019, when the original version of this Petition was presented to Chancellor JoeDae Jenkins. Chancellor Jenkins communicated directly with Defendant Grant the likelihood this matter would end up at the Administrative Office of the Courts, following his own recusal, and advised Defendanat Grant to monitor the status of the case and remain in communication with Petitioners.

44. Petitioners have made repeated and extraordinary efforts to locate or contact Messrs. Williams and Grant to personally serve them with process in this cause, individually and as representatives and agents of their respective corporations. Petitioners have sent two different process servers to the addresses listed for the Defendant corporations and have made multiple telephone calls and text messages to known numbers for Defendants. These efforts have proved unsuccessful, notwithstanding Defendant Grant's having actual notice of this Petition and its

submission to the Tennessee Administrative Office of the Courts. Upon information and belief, one or both individual Defendants is deliberately evading service.

45. Petitioners have made repeated and extraordinary efforts to locate or contact Messrs. Williams and Grant to inform them of the designation of Judge by the Administrative Office of the Courts and the setting of the emergency hearing on Thursday, October 3, at 10:30 AM. These efforts have proved unsuccessful, and it appears one or both individual Defendants are actively seeking to avoid any record of their having actual notice of the hearing.

46. On October 1, 2019, the undersigned counsel communicated directly with Ms. Linda Harris, whom Defendant Grant had identified as his attorney to Chancellor Jenkins in open court on September 26, 2019. Communicating via text message with Mr. Brown, Ms. Harris appeared to refuse to convey the date and time of the emergency hearing to Defendant Grant and refused to provide Mr. Brown with Defendant Grant's contact information.

## COUNT II:   PERMANENT INJUNCTIVE RELIEF

47. The allegations of the preceding paragraphs are hereby reiterated and incorporated by reference as if fully set forth under this Count.

48. Unless permanently enjoined by this Court, Defendants' actions hereinbefore described will continue, in subsequent election cycles, to cause the voting public, Plaintiffs SCDP and SCYD, and very possibly the Shelby County Republican Party through its own brand dilution and voter confusion, irreparable damage for which monetary damages will prove incalculable and inadequate.

49. Defendants' actions as hereinbefore described will cause Plaintiffs irreparable damage unless permanently enjoined by this Court following a full hearing on the merits.

## COUNT III:   DECLARATORY RELIEF

11

50. The allegations of the preceding paragraphs are hereby reiterated and incorporated by reference as if fully set forth under this Count.

51. There is an actual, substantial, and justiciable contriversey between Petitioners and Defendants as to the legality of Defendants' activities as hereinbefore described.

52. Petitioners are seeking declaratory relief as prayed for below.

## COUNT IV: VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

53. The allegations of the preceding paragraphs are hereby reiterated and incorporated by reference as if fully set forth under this Count.

54. Defendants have violated the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*.

55. Defendants' conduct and misrepresentation as hereinbefore described have caused confusion and misunderstanding as to the affiliation of certain candidates with the Democratic Party in violation of the Tennessee Consumer Protection Act.

56. The Tennessee Consumer Protection Act prohibits, among other things, causing the likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of services being provided. Tenn. Code Ann. § 47-18-104(b)(2).

57. The Act further prohibits causing the likelihood of confusion or misunderstanding as to the affiliation, connection, or association with another. Tenn. Code Ann. § 47-18-104(b)(3).

58. In addition, the Act prohibits representing that a persons or product has the sponsorship, approval, or affiliation that the person does not have. Tenn. Code Ann. § 47-18-104(b)(5).

12

59. Defendants' actions as hereinbefore described deliberately causes confusion as to the affiliation of these candidats.

60. Defendants' acts affect the conduct of trade and commerce in the Memphis metro and North

61. The Tennessee Consumer Protection Act authorizes the Court to award reasonable attorneys' fees and costs on a finding that a provision of the Act has been violated. Tenn. Code Ann. § 47-18-109(e)(1)

## COUNT V: RESTITUTION FOR UNJUST ENRICHMENT

62. The allegations of the preceding paragraphs are hereby reiterated and incorporated by reference as if fully set forth under this Count.

63. Upon information and belief, Defendants have realized significant financial profits from their activities as hereinbefore described.

64. Defendants should be disgorged of any profits or monies made by them from the activities as hereinbefore described, as it would be fundamentally unjust and inequitable to allow these individuals and entities to profit from their deliberate misrepresentations and unscrupulous profiteering.

## PRAYER

WHEREFORE, Petitioners respectfully pray for the following relief:

A. That this Court immediately issue a Temporary Restraining Order restraining Defendants from:

>   a. Distributing literature, disseminating information or in any way communicating utilizing words, symbols, or graphical schemes reasonably implying endorsement of or affiliation with the Democratic National Committee, the Tennessee Democratic Party, or the Shelby County Democratic Party;

13

  b. Distributing literature, e-material, or displaying prominent advertisements bearing the Seal of the City of Memphis, the city flag, or any other official marks of the City of Memphis;

  b. Distributing literature, disseminating information or in any way representing or implying any misleading information regarding the political party affiliation of a candidate or group;

  c. Distributing literature, disseminating information or in any way representing or implying that individuals who are not duly elected nominees of a political party are such nominees;

  d. Distributing literature, disseminating information, or in any way representing or implying an endorsement of a candidate by a person or group when such endorsement has not occurred;

  f. Distributing, disseminating or transferring Exhibits 3-5, or any facsimile or partial copy of same;

 C. That a full hearing be set to try the merits of this cause and grant permanent injunctive relief;

 D. That Defendants be compelled to take affirmative remedial action to remove from public dissemination, publication, or prominent view, all items identified to be restrained in this petition;

 E. That upon a full hearing on this cause, this Court enter a Decree declaring the following activities deceptive and unlawful:

  (a) The use of the City of Memphis Seal by a private, for-profit corporation for the purpose of financial gain;

  (b) The use of the imagery and trade dress of the Democratic Party, and of the names and likenesses of prominent leaders within the Democratic Party of the United States and of the Democratic Party of Tennessee, by private, for-profit entities affiliated with neither organization, absent express authorization of such leaders;

  (c) The prominent use and display, on paid advertisements or literature intended for distribution at election polls, of the word "Democratic" in proximity to and connection with a county, municipal, or other territorial designation, by an entity

14

unaffiliated with the Democratic Party of the United States or the Democratic Party of Tennessee;

(d)  Other of Defendants' conduct reasonably tending to mislead or confuse members of the voting public as to any election candidate's political affiliation or party endorsement, or to misrepresent or dilute the shared band, image, and good will of the DNC, the TNDP, the YDA, the SCDP, and the SCYD; and

(e)  The adoption and employment of "pay-for-play" election advertisements or services by for-profit entities unaffiliated with any recognized state or national political party or any religious, cultural, or educational institution;

(f)  Except that none of the forgoing restrictions should apply to restrict the free expression of any candidate for public office; candidate committee; religious or charitable organization; religious, cultural, or educational institution; not-for-profit interest group; or political action group, according to the definition of such entities under Tennessee law.

F.  That this Court graPetitioners such other and further relief as may be appropriate

under the circumstances.

Respectfully Submitted,

_____
Bruce S. Kramer (7472)
Jacob Webster Brown (36404)
6000 Poplar Avenue, Suite 150
Memphis, Tennessee 38119
Telephone:   (901) 756-5600
Facsimile:    (901) 757-1296
bkramer@appersoncrump.com
jbrown@appersoncrump.com
*Attorneys for Petitioners*

## THIS IS THE SECOND REQUEST FOR EXTRAORDINARY RELIEF IN THIS

### CAUSE

15

STATE OF TENNESSEE
COUNTY OF SHELBY

Personally appeared before me, the undersigned authority within and for the State and County aforesaid, John Marek, who makes oath and says that the facts and allegations stated in the foregoing are true and correct to the best of his knowledge, information and belief.

MAREK FOR MEMPHIS

By: John Merck

SWORN TO AND SUBSCRIBED this ____ day of _____, 2019.

My Commission Expires:

NOTARY PUBLIC
Deputy Clerk

16

STATE OF TENNESSEE
COUNTY OF SHELBY

     Personally appeared before me, the undersigned authority within and for the State and County aforesaid, Michael Harris, duly elected Chairman of the Shelby County Democratic Party, who makes oath and says that the facts and allegations stated in the foregoing are true and correct to the best of his knowledge, information and belief.

                                    SHELBY COUNTY DEMOCRATIC PARTY

                                    By: Michael Harris

SWORN TO AND SUBSCRIBED this ____ day of _____, 2019.

                                    NOTARY PUBLIC

My Commission Expires:

STATE OF TENNESSEE
COUNTY OF SHELBY

Personally appeared before me, the undersigned authority within and for the State and County aforesaid, Alexander Boulton, duly elected President of the Shelby County Young Democrats, who makes oath and says that the facts and allegations stated in the foregoing are true and correct to the best of his knowledge, information and belief.

SHELBY COUNTY YOUNG DEMOCRATS

_____
By: Alexander Boulton

SWORN TO AND SUBSCRIBED this ⎯3⎯ day of ⎯October⎯, 2019.

NOTARY PUBLIC
Deputy Clerk

My Commission Expires:

18

## CERTIFICATE OF SERVICE

I certify that repeated service attempts upon the Defendants have been unsusscessful:

Greg Grant
3160 High Meadow Dr.,
Memphis, TN 38128-4209

Greater Memphis Democratic Club, Inc.
3160 High Meadow Dr.,
Memphis, TN 38128-4209

M. Latroy Williams
1429 S. Parkway E.
Memphis, TN 38106

Shelby County Democratic Club, Inc.
3242 Commercial Parkway, Ste. 3254
Memphis, TN 38116

_____
Jake Brown

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

Shelby County Democratic Party
Marek for Memphis
**Plaintiff**

vs.

Docket No. CH-19-1370-3

Greg Grant, Indv, & DBA Greater Memphis Democratic Club, Inc, et Al
**Defendant**

Part III

## FIAT

TO THE CLERK OF THIS COURT:

Based upon the record in this matter, issue one or more of the following:

☐ **NOTICE OF HEARING**
Issue Notice and set this matter for hearing on _____, the _____ day of _____, _____ at _____ o'clock ___. m.

☐ **WRIT OF CERTIORARI**
Issue a Writ of Certiorari as prayed for in this matter.

☐ **WRIT OF SCIRE FACIAS (CONTEMPT)**
Issue a Writ of Scire Facias as prayed for in this matter and set this matter for hearing on _____, the _____ day of _____, _____ at _____ o'clock ___. m.

☐ **INJUNCTION**
Issue the injunction as prayed for in this matter upon bond being given in the amount of $ _____.

☐ **TEMPORARY RESTRAINING ORDER (TRO)**
Issue the Temporary Restraining Order as prayed for in this matter upon bond being given in the amount of $ _____ and issue Notice setting this matter for hearing on _____, the _____ day of _____, _____ at _____ o'clock ___. m. for Defendant to show cause why Plaintiff is not entitled to have the relief prayed for in this matter.

_____
Chancellor

_____
Date