# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHELBY COUNTY DEMOCRATIC PARTY and MAREK FOR MEMPHIS <br><br> Plaintiffs, <br><br> v. <br><br> M. LATROY ALEXANDRIA-WILLIAMS, GREGORY GRANT, Individually and d/b/a GREATER MEMPHIS DEMOCRATIC CLUB, INC and SHELBY COUNTY DEMOCRATIC CLUB. <br><br> Defendants. | No. 2:19-cv-2769-SHL-tmp |

## ORDER TO REMAND

Before the Court are the Memorandum of Defendant Alexandria Williams in Support of Removal Jurisdiction, (ECF No. 13), filed January 6, 2020, Plaintiffs Shelby County Democratic Party, Shelby County Young Democrats and Marek of Memphis's Response, (ECF No. 15), filed January 10, 2020, and Defendant Greg Grant, Individually and d/b/a Greater Memphis Democratic Club, Inc.'s Response in Opposition, (ECF No. 16), filed January 14, 2020. For the following reasons, this case is **REMANDED** to the Shelby County Chancery Court from which it was removed.

## BACKGROUND

This matter involves allegations that Defendants deceptively portrayed certain political candidates as endorsees of the Democratic Party and improperly used the Seal of the City of Memphis on their campaign materials. On September 26, 2019, Plaintiffs petitioned the Shelby County Chancery Court for injunctive relief, to prevent Defendants from distributing allegedly

deceptive campaign literature.  (ECF No. 1-1 at PageID 8-14.)  The state court heard arguments at an emergency hearing on October 3, 2019, and entered a temporary restraining order against Defendants.  (ECF No. 1-1. at PageID 22-24)  That court scheduled a follow-up hearing for November 13, 2019.  (Id.)

On November 8, 2019, before the follow-up hearing, Mr. Williams removed the case to this Court based on diversity jurisdiction.  (ECF No. 1.)  He averred, in his Notice of Removal, that the injunctive relief sought by Plaintiffs was in violation of the First Amendment, and that Defendants are entitled to $666,000,000.50 in damages from Plaintiffs.

Counsel for Plaintiffs and Mr. Williams appeared before the Court on December 17, 2019 for a Scheduling Conference.  (ECF No. 11.)  The Court sua sponte asked whether the removal was proper, and allowed counsel for Mr. Williams until January 6, 2020 to explain the basis for subject matter jurisdiction, with Plaintiffs to respond by January 13, 2020.  The Parties have since filed their briefs, making the question of subject matter jurisdiction ripe for the Court's determination.

## ANALYSIS

At any time and of its own volition, a district court may examine whether a complaint lacks subject matter jurisdiction.  See Dietrich v. Bell, Inc., 554 F. App'x 418, 421 (6th Cir. 2014); Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte.").  If a court finds that subject matter jurisdiction is lacking, then it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3).  "[T]he removing defendant bears the burden of establishing federal court jurisdiction."  Roberts v. Mars Petcare US, Inc., 874 U.S. 953, 955 (6th Cir. 2017.)

2

"Absent diversity of citizenship, federal-question jurisdiction is required." Kitzmann v. Local 6-19M Graphic Comms. Conf. of Intern. Brothers of Teamsters, 415 F. App'x 714, 716 (6th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)); see also 28 U.S.C. § 1441(a). "[W]hether federal-question jurisdiction exists is governed by the well pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint." Kitzmann, 415 F. App'x at 716.

Mr. Williams argues that Plaintiffs' claims implicate the Voting Rights Act and the First Amendment, and thus support federal question jurisdiction. (ECF No. 13.) Specifically, he avers that because Plaintiffs' claims involve "passing out of campaign literature and the exercise of political speech," they share "a common nucleus of operative fact" as his counterclaims under the Voting Rights and the First Amendment. In their response, Plaintiffs contend that Mr. Williams's removal was improper, in part because the co-defendant, Mr. Grant, did not consent to it. For his part, Mr. Grant states that he, too, opposes removal because no federal question was well-plead by Plaintiffs.

First, the Court notes that, contrary to the Notice of Removal, diversity jurisdiction is not present here. Plaintiffs' petition to state court averred that each Defendant is a citizen of Tennessee. (ECF No. 1-1 at PageID 8-9.) Neither the Notice of Removal nor Mr. Williams's brief in support of removal jurisdiction states otherwise.

Second, Mr. Williams's arguments in support of federal question jurisdiction are not well-taken. As Mr. Williams is a defendant, his allegations of violations of federal law constitute counterclaims. However, a defendant cannot confer federal question jurisdiction on a case by asserting a counterclaim—federal question jurisdiction is only created through a plaintiff's well-

pleaded complaint.  See, e.g., Garbaccio v. Columbia Gas Transmission Corp., 289 F. Supp.2d 903, 905 (N.D. Ohio 2003).

Indeed, Mr. Williams concedes that his counterclaims cannot support federal question jurisdiction; instead he seems to be arguing for supplemental jurisdiction by citing the Gibbs test's famed words, "a common nucleus of operative fact."  However, supplemental jurisdiction operates when a court has original jurisdiction over certain claims and the question is whether the additional state law claims share a "common nucleus of operative fact" with those federal claims.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966);  Blakely v. United States, 276 F.3d 853, 861 (6th Cir. 2002).  Here, the Court lacks original jurisdiction, so supplemental jurisdiction is beyond consideration.

Moreover, while Mr. Williams also cites the Grable test, this matter does not satisfy the test's requirements to remain in a federal court.  See Grable & Sons Metal Products v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005).  Under Grable, federal courts have jurisdiction over state law claims that (1) necessarily raise a federal issue, (2) which is actually disputed and substantial and (3) where federal jurisdiction will not disturb "any congressionally approved balance of federal and state judicial responsibilities."  Id.

Here, the Court's analysis begins and ends with the first Grable factor, which does not support federal question jurisdiction.  Plaintiff's two Tennessee law claims, misrepresentations on campaign literature or sample ballots, and knowingly publishing false campaign literature, do not implicate federal laws.  Rather, if Defendants' rights under the Voting Rights Act or the First Amendment are truly implicated, they are best left to be invoked as defenses or counterclaims during state court proceedings.

Therefore, there is no diversity, federal question, or supplemental jurisdiction over this matter. The fact that a defendant objected to the removal is yet another reason supporting remand.

## **CONCLUSION**

For the foregoing reasons, this case is **REMANDED** to the Shelby County Chancery Court from which it was removed.

**IT IS SO ORDERED,** this 21st day of January, 2020.

                                              s/ Sheryl H. Lipman
                                              SHERYL H. LIPMAN
                                              UNITED STATES DISTRICT JUDGE